Enrique Bosch, peticionario, *v.* Corte de Distrito de Ponce, Hon. R. Díaz Cintrón, Juez, demandado.

No. 480.—*Visto:* Marzo 16, 1925. *Resuelto:* Mayo 26, 1925.

Apelación y Error — Revisión — Presunciones—Procedimientos en la Corte Inferior.—Corresponde al peticionario en un procedimiento de *certiorari* incorporar al récord todas las actuaciones ante la corte inferior bien mediante una transcripción de las notas taquigráficas o una exposición del caso o pliego de excepciones; no estando el Tribunal Supremo en las mismas condiciones que estuvo la corte inferior para dictar la resolución apelada, se presume que los procedimientos fueron correctos y procede dejar sin efecto el auto expedido.

Certiorari para revisar resolución de *R. Díaz Cintrón, J.* (Ponce), declarando la nulidad de una subasta. *Anulado el auto expedido.*

*José Rosario Gelpí*, abogado del peticionario; *López de Tord & Zayas Pizarro*, abogados de la parte interventora.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Enrique Bosch fué un postor a quien se le concedió la buena pro de un inmueble en la subasta que tuvo lugar para satisfacer cierta sentencia dictada en un procedimiento hipotecario. Juan Bonin Fuster, ejecutante, presentó una moción en el mismo procedimiento solicitando la nulidad de la adjudicación que hizo el marshal al anterior postor y para que se celebrara una nueva subasta. La corte inferior así lo acordó y con objeto de revisar su resolución, Bosch estableció el presente recurso de *certiorari*.

El auto fué expedido, requiriéndose a la corte inferior para que remitiera a este tribunal los autos originales del pleito principal, junto con los procedimientos habidos en la subasta y el incidente que motivó la resolución de la corte inferior declarando la nulidad de la subasta. El récord fué elevado, pero fundándose la corte inferior para dictar su resolución en prueba documental y testifical, esta evidencia, así como la moción promoviendo el incidente, son constancias que no aparecen de los autos.

El peticionario con el fin de suplir esas deficiencias presentó una moción, acompañada de un *affidavit* del márshal y una transcripción de las notas taquigráficas, para que fueran unidos al récord y así completar el *return*. Esta moción fué denegada toda vez que el *affidavit* del márshal era inadmisible y las notas taquigráficas no estaban certificadas por el juez inferior.

El peticionario de nuevo insiste que la corte inferior no ha cumplido con el auto expedido. Sin embargo, no se demuestra que los procedimientos que tuvieron lugar ante dicha corte hayan sido incorporados de algún modo al récord. Si como se alega, la corte inferior no tuvo jurisdicción sobre el peticionario ni le concedió tiempo para sus defensas y fundó su resolución en documentos y prueba que fué practicada, correspondía al peticionario incorporar al récord tales

actuaciones y elementos de prueba mediante uno de los dos modos que autoriza la ley: transcripción de las notas taquigráficas o una exposición del caso o pliego de excepciones. No habiéndose hecho nada de esto, el peticionario no puede quejarse, pues no había diligencias complementarias que elevar a esta Corte Suprema ni base para requerir a la corte inferior para que cumpliera con nuestra segunda orden de 31 de marzo de 1925. *Por consiguiente, no estando esta corte en las mismas condiciones que estuvo la corte inferior para dictar su resolución de 2 de marzo de 1925, la presunción es de que tales procedimientos fueron correctos y en su consecuencia se deja sin efecto el auto.*